DocuSign Envelope ID: 4654B46D-466B-4BAC-974F-165215CF5E6A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARLON SALO HERNANDEZ CARRANZA, *Plaintiff*, v. GLORIA MARISOL RAMIREZ, *et al.*, *Defendants*. | Civil Action No. 8:20-02687-PWG  Dated: February 16, 2022 |

### DECLARATION OF OMAR VINCENT MELEHY

I, Omar Vincent Melehy, lead counsel for the Plaintiff in this matter and the attorney with primary responisbiltiy over this case, hereby declare and state the following:

**I.   Qualifications of Counsel and His Staff**

1**.**     I am a resident of the State of Maryland, admitted to practice law in the District of Columbia and the State of Maryland. I was admitted to the Maryland Bar on January 7, 1987 and to the District of Columbia Bar on December 7, 1988. I am one of the founding principals of Zipin & Melehy LLC, a former private law firm located in Silver Spring, Maryland, and Melehy & Associates LLC, a private law firm currently located in Silver Spring, Maryland, which concentrates its practice in employment law, including employment discrimination and wage and hour.

2.     I graduated from the University of Texas in 1982. In May, 1986, I graduated from the Antioch School of Law.

3.     Aside from being a member of the District of Columbia and Maryland bars, I am

1

Ex. B

DocuSign Envelope ID: 4654B46D-466B-4BAC-974F-165215CF5E6A

also admitted to practice in the United States Court of Appeals for the Fourth Circuit, the United States Court of Appeals for the District of Columbia Circuit, the United States Court of Appeals for the Federal Circuit, the United States District Court for the District of Maryland, and the United States District Court for the District of Columbia.

4. Following graduation from law school, I served as a law clerk for the Honorable Judge William H. Adkins II of the Maryland Court of Appeals, Maryland's highest state court.

5. In September 1988, I joined the Maryland Office of the Attorney General where I worked as a staff attorney in the Civil Litigation Division. While at the Attorney General's Office, I worked on civil suits against the State of Maryland, including employment discrimination suits and actions brought under 42 U.S.C. §1983. I also represented the State in administrative proceedings of various types, including appeals of disciplinary suspension or removal of State employees.

6. In September 1990, I became an Assistant Attorney General and represented the Maryland Department of Transportation. During this time, I participated as co-counsel and lead counsel in the defense of numerous law suits including tort suits, eminent domain proceedings, and discrimination cases in federal court. At this time, I had a total of eight jury trials and served as lead counsel in seven of those trials.

7. In May, 1997, together with my wife, Suvita Melehy, I founded Melehy & Melehy LLC. This firm later became Zipin & Melehy, LLC, and later Melehy & Associates LLC (the "Firm"). While the size of the Firm has fluctuated over the years, the Firm presently has one principal, one managing attorney, one associate attorney, and 4 paralegals.

8. I am currently President of the Metropolitan Washington Employment Lawyers' Association ("MWELA"). I was also on the Board of Directors of a non-profit corporation – the

DocuSign Envelope ID: 4654B46D-466B-4BAC-974F-165215CF5E6A

Washington Lawyer's Committee for Urban Rights and Civil Affairs.

9. Since entering private practice, I have served as lead counsel in over a 60 cases filed in the United States District Court for the District of Columbia or the United States District Court for the District of Maryland in the areas of discrimination in employment and cases under the Fair Labor Standards Act and state and local wage laws.

10. I have also been involved in three class action/collective actions: *Adam Claverie, et al. v. MobileRev LLC*, *et al.*, Case No.: 8:14-cv-02875-MAB (D. Md)(a wage and hour collective action) and *Boyd, et al. v. SFS Communications, LLC*, *et al.*, Case No.: 8:15-cv-03068-PJM (D. Md.) (a wage and hour Rule 23 class and FLSA collective action) and *Dante Gilliam, et al. v. HBE Corporation, et al.*, Case No.: 99-596-CIV-ORL-22C (a Rule 23 class action case involving discrimination in public accommodation).

11. I have been lead or trial counsel in approximately 19 civil jury trials in state and federal courst – three of which were approximately three weeks in length; I have also been lead counsel in approximately 30 bench trials in state and federal court. Five of the bench trials were in wage and hour cases.

12. In 2001, I served as trial counsel in a high profile employment contract case – *Michael Conte v. Towson University* – which was litigated in the Circuit Court for Baltimore County, Maryland. The verdict in the case was in excess of $900,000. I was also lead counsel in a whistleblower retaliation case filed in United States District Court for the District of Columbia – *Mohamed Amin Kakeh v. United Planning Organization,* where following a three-week jury trial, judgement was entered for $420,000. In 2021, I served as lead counsel in a two-week bench trial in the case *Carrera, et al. v. EMD Sales, Inc., et al.*, Case No. 17-3066. The case involved a dispute over whether certain employees were properly classified as exempt "outside salesmen" under the

3

FLSA. My firm and I obtained a judgement on behalf of the three plaintiffs in the amount of $303,876.57. The case is currently on appeal to the Fourth Circuit.

13. I have also served as Lead Counsel in approximately 15 cases before the Merit Systems Protection Board ("MSPB"), five of which resulted in evidentiary hearings.

14. I have served as Lead Counsel in approximately 35 cases which were adjudicated administratively before the Equal Employment Opportunity Commission ("EEOC"), resulting in approximately 14 evidentiary hearings.

15. I have been lead counsel in approximately 30 appeals in state and federal court. I have been lead counsel in approximately 8 employment-related appeals in the Maryland appellate courts, Federal Circuit, the Fourth Circuit, the D.C. Circuit, and the District of Columbia Court of Appeals.

16. I have an AV rating from Martindale-Hubbell. The AV rating is "a significant rating accomplishment - a testament to the fact that a lawyer's peers rank him or her at the highest level of professional experience." The AV rating is the highest level rating that a lawyer can achieve from Martindale-Hubbell. Further, the AV rating score specifically relates to my reputation as a skilled litigator within the local legal community, as Martindale-Hubbell sends confidential invitations to attorneys and the judiciary to voluntarily provide a review of lawyers about whom they have personal knowledge.

**II.     The Legal Professionals at Melehy & Associates LLC that Worked on the Case.**

17. **Andrew Balashov.** He is a 2010 graduate of the University of Maryland at College Park. He graduated magna cum laude from the University Of Baltimore School Of Law in May 2015. While there, he served as a member of the Journal of Land and Development. He worked as a law clerk at the Firm beginning February 2015 until December 2015 when he joined as an

attorney. He was admitted to the Maryland Bar in December 2015. Since coming to the firm, his primary focus has been wage and hour litigation and his secondary focus is employment discrimination.

18.     **Maria Aguilar**. Maria Aguilar began working at the Firm in 2019 and is still working with the firm as a bi-lingual paralegal. In this case, she was largely responsible for facilitating communications between the client, who speaks predominately Spanish, and lawyers at the Firm. But for her assistance, the Firm would not have been able to undertake representation in this matter. .

19.     **Jason Mansmann.**  Jason Mansmann is a 2011 graduate of Mount St. Mary's University. He graduated cum laude from St. John's University School of Law in June of 2018. While there, he served as a member of the St. John's Law Review and Journal of Catholic Legal Studies. He worked for the Law Offices of Louis D. Stober, Jr., LLC from March of 2017 to December of 2019, primarily representing the Civil Service Employees Association in labor and employment related matters. He joined the Firm as an attorney in September of 2020. He was admitted to the New York Bar in February of 2019 and was admitted to the Maryland Bar in March of 2020.

20.     **Christopher Grau.**  Christopher Grau worked as a paralegal at the firm from February 2020 to January 2021. Mr. Grau is a 2020 graduate of the University of Maryland, College Park, where he received a Bachelor of Arts degree in Government. While working at the Firm, he assisted with discovery related tasks, case management, drafting simply correspondence, preparing affidavits of service, and other related tasks. These are the types of things that he assisted with in this case.

21. **Sydney Chapman**. Sydney Chapman worked as a paralegal at the firm from October 3, 2019 to April 2, 2021. She is a May, 2019 graduate of the University of Maryland at College Park. While employed at the firm, she assisted with e-discovery, reviewed documents, compiled excel spread sheets of damage calculations and attended and assisted with trials.

22. **Sarah Lorber.** Sarah Lorber has worked as a discovery paralegal at Melehy & Associates since summer of 2021. Ms. Lorber holds a Bachelor's Degree from Brandeis University and a Certificate in Paralegal Studies from Framingham University. Under the supervision of Plaintiff's lead counsel, she assisted with drafting parts of the fee petition and preparing exhibits in support of the petition.

### III.     The Firm's Billing Practices.

23. The Firm's time-keepers record time in one-tenth of one hour increments. All timekeepers keep track of time with time and billing software known as Abacus Law. They all keep time records contemporaneously with the expenditure of time in accordance with the Firm's policies. In this case specifically, all time keepers kept contemporaneous time records.

24. I founded the Firm in 1997, in part to gain the independence to take cases that are personally rewarding. I have focused my practice on civil rights cases, employment, primarily discrimination, retaliation and wage and hour violations. Although the civil rights work is personally rewarding, it is difficult to sustain as civil rights plaintiffs are rarely able to afford the full cost of representation. Even in cases where contingency fee arrangements may be possible, these cases are only made feasible by the prospect of recovering fees under fee shifting provisions such as the ones at issue in this case which award fees at market rates.

25. The Firm has established rates for all its attorneys and staff that I set as the Firm's standard or normal and customary billing rates. These rates were developed by examining rates

charged by other firms in Maryland and are at or below prevailing market rates in Maryland for attorneys in the field of employment law. They are the rates that the firm charges to paying clients. Those rates (as of July 1, 2021) are as follows:

| | |
|---|---|
| Omar Vincent Melehy | $625.00 per hour; |
| Suvita Melehy | $575.00 per hour; |
| Andrew Balashov | $350.00 per hour; and |
| Paralegals and Law Clerks | $180.00 per hour. |

### IV.   The Fee Agreements for this Case

26.   The Firm entered into the applicable retainer agreement with the Plaintiff in this case in July 2020, a true and correct copy of the Plaintiff's actual retainer agreement is attached to the Plaintiff's memorandum as Exhibit E. The Agreement is a full contingency agreement. When I took this case I was aware of the significant financial risks for my small Firm. However, I was also aware that an injustice might continue unrectified but for my willingness to accept the case on a contingency fee basis. I knew the only way my Firm would be paid is through settlement, or by petitioning the Court for a fee award and then hopefully collecting the fees from Defendants.

### V.   Billing Judgment

27.   The time records in this case were reviewed by Suvita Melehy, who exercised billing judgment to delete or "no charge" certain work. .

### VI.   The Exibits

28.   Exhibit A is a true and accurate copy of the Firm's time records in this case. Ex. E is a true and accurate copy of the Plaintiff's retainer agreement.

### VII.   Costs.

29. The Plaintiff in this case is responsible for all costs advanced by the Firm during the course of the case, including postage, Federal Express charges, courier expenses, Westlaw legal research database costs, Pacer database search fees, Court reporter fees, deposition transcript costs, the cost of hearing transcripts, and mileage reimbursement for time spent by counsel traveling to depositions and court hearings. These expenses are typically and customarily charged by the Firm to its fee-paying clients and they are not built into the Firm's regular hourly rates.

30. Plaintiff utilized Federal Express in order to send hard copies of lengthy motions and responses which exceeded the page limit to the Court, to serve time-sensitive discovery requests and responses on Defendants' counsel. Using Federal Express allowed Plaintiff to maintain a record that the document was timely delivered and to obtain a signature confirmation of the delivery.

31. Charges incurred by the Firm for using the Westlaw legal research database, and for photocopies, and Pacer database are tracked on a monthly basis according to the specific client or case on behalf of whom the research is performed or the database is used in the case of Pacer. Upon logging into Westlaw database or Pacer, the user is prompted to enter the client's name or other identifier. In this case, the names used were "Carranza" or "Marlin Salo Carranza." On a monthly basis, Westlaw prorates the monthly cost attributable to each client based on that client's usage of the database as measured in seconds. Photocopies are tracked in a similar fashion, using the client's name or a copy code, either entered directly into the copy machine or into a software used by the Firm called papercut. A report is then generated monthly and expenses assigned to each case in which they are incurred. These reports are attached hereto as part of Plaintiff's Exhibit F.

32. Exhibit F attached to the motion for attorneys' fees contains an itemized list of all expenses incurred and paid for by the Firm in this case. The Firm has verified that all of the expenses were actually incurred, paid, and if applicable, the associated work performed or service rendered. The attached supporting documents contained in Exhibit F are true and accurate copies of the records showing the expenses incurred in this case and paid by the Firm.

**VIII.   Other Matters.**

33. My firm also handles wage and hour cases in the District of Columbia where we are reimbursed at the LSI Laffey Matrix rates. LSI rates are much higher than the Firm's normal and customary rates sought herein. For example, my current LSI rate is $919.00 per hour. As a result, there is an opportunity cost to the Firm for pursuing wage and hour cases in Maryland as opposed to wage and hour cases in the District of Columbia.

On this 16th day of February, 2022, I hereby affirm under penalty of perjury that the above is true and correct.

*Omar Melehy*
Omar Vincent Melehy