## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### *Southern Division*

|  |  |  |
|---|---|---|
| | * | |
| MARLON SALO HERNANDEZ CARRANZA, | | |
| | * | |
| **Plaintiff,** | | |
| | * | |
| v. | | **Case No.: PWG 20-cv-2687** |
| | * | |
| GLORIA MARISOL RAMIREZ, et al., | | |
| | * | |
| **Defendants.** | | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

Plaintiff Marlon Salo Hernandez Carranza filed a Motion for Attorneys' Fees and Costs against Defendants Gloria Marisol Ramirez, L& R General Services LLC, and Fidel A. Granados (collectively "Defaulted Defendants"). Mot., ECF No. 63; Mem. Fees, ECF No. 63-1. Defaulted Defendants did not respond. I have reviewed the filings[1] and find a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated below, Mr. Carranza's motion is GRANTED IN PART and DENIED IN PART. I will award Mr. Carranza attorneys' fees and costs but in the amount of $20,7850.00 in attorneys' fees and $911.58 in costs, less any attorneys' fees and costs already paid by Defendant Bainbridge Mid-Atlantic Construction LLC ("Bainbridge II").

### BACKGROUND

On September 16, 2020, Mr. Carranza filed suit against Defaulted Defendants and NVR, Inc. d/b/a/ Ryan Homes for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Labor & Empl. Art. § 3-415, *et seq.*;

---

[1]     Mot. ECF No. 63; Mem. Fees, ECF No. 63-1.

and the Maryland Wage Payment and Collection Law ("MWPCL"), Labor & Empl. Art., § 3-501, *et seq.* Compl. ¶¶ 18-30, ECF No. 1. Mr. Carranza alleged that defendants failed to pay him for the work he performed between April 20, 2020 and May 23, 2020 as a painter at a construction site called Bainbridge Lake Linganore Apartments. *Id.* at ¶¶ 8-17. Shortly after filing the suit, Mr. Carranza filed an amended complaint adding BVT-Bainbridge Lake Linganore Owner LLP d/b/a Bainbridge Lake Linganore ("Bainbridge I") as a defendant. Am. Compl., ECF No. 4-1. Mr. Carranza dismissed NVR without prejudice. ECF No. 5. Bainbridge I asserted that it was not the correct party to the suit because it was not the general contractor for the construction project. Jt. Status Rpt. 1, ECF No. 25. Eventually Mr. Carranza and Bainbridge I were able to identify Bainbridge II as the proper entity. *Id.* Mr. Carranza agreed to dismiss Bainbridge I and file a second amended complaint adding Bainbridge II as a defendant. *Id.* After participating in a settlement conference in front of a magistrate judge, Mr. Carranza entered into a confidential settlement agreement with Bainbridge II and dismissed it from the case with prejudice. *See* ECF Nos. 54, 56.

Defaulted Defendants never answered the Complaint or otherwise defended against the suit. *See* Clerk's Entry of Default, ECF No. 29. Mr. Carranza sought default judgment against them, and I issued an order granting his motion. Mot. Default J., ECF No. 53; Default J. Order, ECF No. 60. Mr. Carranza subsequently filed a Motion for Attorneys' Fees and Costs against Defaulted Defendants seeking $27,763.00 in attorneys' fees for a total of 72.4[2] hours of time, and $911.58 in costs, less the attorneys' fees and costs already paid to him by Bainbridge II[3]. Mem.

---

[2]     Mr. Carranza states that he seeks fees for 72.4 billable hours. I note that I have identified a mathematical error in Mr. Carranza's calculations. In the Summary of Fees chart submitted as Exhibit A to the Motion, the total time of billed hours in the "Fee Petition" category on page 8 adds up to 12.9, not 9.9. *See* Summary of Fees, Ex. A, ECF No. 63-2. Thus, the total number of attorney and paralegal hours is actually 75.4. I will include these additional three hours in my calculations.

[3]     The amount paid by Bainbridge II to Mr. Carranza is confidential pursuant to the terms of the parties' settlement agreement. Mem. Fees n. 1. In his Motion, Mr. Carranza stated that he would attach under seal as Exhibit H, a supplemental affidavit by Suvita Melehy informing the Court of the amount of

Fees 2-3. Under FLSA, MWHL, and MWPCL, Mr. Carranza contends he is entitled to fees and costs as the prevailing party. *Id.* at 4. Mr. Carranza asserts he is the prevailing party because he "obtained a judgment for the full measure of relief sought in the Complaint[,]" which included his unpaid wages of $3,078.00 and liquidated damages equal to double this amount, $6,156.00. *Id. See also* Default J. Order 7.

## DISCUSSION

As explained in greater detail in my Default Judgment Order, Mr. Carranza has "established [Defaulted] Defendants' liability and violation of the FLSA, MWHL, and MWPCL." Default J. Order 5. Mr. Carranza is therefore the prevailing party and as the prevailing party he is entitled under the MWPCL "to be awarded attorneys' fees and costs when wages were not withheld as a result of a bona fide dispute." *Id.* at 7. *See also* Md. Code, Lab. & Empl. § 3-507.2(b). Additionally, FLSA provides for "reasonable attorney's fees to be paid by the defendant, and costs of the action[,]" 29 U.S.C. § 216(b), and MWHL also allows "counsel fees and other costs" if an employer fails to pay an employee and the employee brings an action to recover wages, MD. CODE ANN., LAB. & EMPL. § 3-427(d). Thus, under any of these three statutes, Mr. Carranza is eligible to receive attorneys' fees and costs.

## I.     Attorneys' Fees

Courts in the Fourth Circuit follow a three-step procedure to calculate the award of attorneys' fees. First, the court must determine "the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Client Network Servs., Inc. v. Smith*, No. CV PWG-15-2207, 2018 WL 4019767, at *1 (D. Md. Aug. 23, 2018) (quoting *Randolph v.*

---

attorneys' fees and costs Bainbridge II already paid. *Id.* Mr. Carranza does not appear to have filed an Exhibit H. However, an affidavit supporting Mr. Carranza's Motion for Default Judgment, filed under seal as ECF No. 58, appears to contain the pertinent information. Sealed Affidavit 1, ECF No. 58.

*Powercomm Constr. Inc.*. 715 F. App'x 227, 230 (4th Cir. 2017)). The twelve factors set forth in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) help courts to assess "what is reasonable in terms of hours expended and the rate charged." *Id.* The factors are:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees awards in similar cases.

*Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978).

Second, "the court must subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *Client Network Servs., Inc.*, 2018 WL 4019767, at *1 (quoting *Randolph*, 715 F. App'x at 230). And third, "the court should award some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Id.* (quoting *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir.2013)). Only the first prong of this procedure is relevant here as Mr. Carranza prevailed on all claims. *See* Order Default J. 5.

### A.    Reasonable Hours

The burden is on the prevailing party to provide time sheets sufficiently detailed to justify the hours sought. *Thompson v. U.S. Dep't of Hous. & Urb. Dev.*, No. CIV.A. MGJ-95-309, 2002 WL 31777631, at *9 (D. Md. Nov. 21, 2002). "This generally consists of an itemized listing of hours and expenses and a short description for each entry explaining how the time was spent." *Id.* Here, Mr. Carranza included in his Motion a detailed breakdown of how each of the 72.4 was spent: 4.8 hours were spent on factual investigation, 5.8 hours were spent on pleadings, 4 hours were spent on discovery related tasks, 1.6 hours were spent in connection with Bainbridge I's

motion to dismiss, 11.6 hours were spent on general case management, 20.9 hours were spent on work done in connection with the partial settlement with Bainbridge II, 5.3 hours were spent on the Motion for Default Judgment, 8.5 hours were spent translating from Spanish to English and English to Spanish for Mr. Carranza, and 9.9 hours were spent on the Motion for Attorneys' Fees and Costs. Mem. Fees 6-14. Mr. Carranza also submitted time sheets with entries explaining each individual task and the number of hours billed to each task in .1 increments. Summary of Fees, Ex. A.

To assess the reasonableness of these hours, I will analyze the time and labor expended in light of the the novelty and difficulty of the questions presented and the skill required to properly perform the legal services. *See Thompson*, 2002 WL 31777631, at *6 (explaining that it is the trial court's duty to determine which *Johnson* factors are relevant to the determination of reasonable fees in a particular case). Mr. Carranza began this suit in September 2020, and since then, four attorneys and four paralegals have billed time to this matter. While this case did not present any novel or particularly complex questions, Mr. Carranza did face some difficulties in identifying the correct general contractor defendant, which prolonged the disposition of the case and created additional work for the attorneys and paralegals on the matter. Mem. Fees. 7, 9. Mr. Carranza's attorneys needed to have sufficient skills and experience with FLSA, MWHL, and MWPCL to be able to identify the relevant parties and assess the claims against them. *Id.* at 14. Thus, I find Mr. Carranza's requested billed hours are generally reasonable with a few exceptions.

To the extent that Mr. Carranza's billed hours contain any duplicative or clerical work, I must strike those hours. *Ramirez v. 316 Charles, LLC*, No. CV SAG-19-03252, 2021 WL 662185, at *2 (D. Md. Feb. 19, 2021), *appeal dismissed sub nom. Ramirez v. 9400 Snowden River, LLC*, No. 21-1216, 2021 WL 3776329 (4th Cir. Apr. 22, 2021). "Clerical work is not properly billable

as legal fees to one's adversary" even if it is performed by a paralegal or assistant. *Nissan Motor Acceptance Corp. v. Pensare, LLC*, No. CV SAG-18-3528, 2019 WL 7370326, at *2 (D. Md. Dec. 31, 2019). While Mr. Carranza has deleted some time entries involving clerical work, there appear to be several remaining entries that describe tasks properly classified as clerical, such as entries for drafting summonses for the Defaulted Defendants and preparing complaint packages. *See Ramirez* 2021 WL 662185, at *3 (citing cases discussing examples of clerical work, including scanning and mailing documents, issuing summonses, creating notebooks or files, and updating attorneys' calendars); *Pfieffer v. Schmidt Baking Co.*, No. CIV. CCB-11-3307, 2014 WL 1291814, at *4 (D. Md. Mar. 28, 2014) (deducting time spent on purely administrative tasks such as electronically filing documents and preparing a package). The following entries will be stricken for containing clerical work:

| Date | Timekeeper | Work | Category | Time |
|------|-----------|------|----------|------|
| 8/11/2020 | Sydney Chapman | Complete summons request for Gloria Ramirez | Case management | .4 |
| 8/11/2020 | Sydney Chapman | Draft summons for L&R General Services LLC | Case management | .2 |
| 8/11/2020 | Sydney Chapman | Draft summons for Fidel Granados | Case management | .2 |
| 9/25/2020 | Christopher Grau | Begin to prepare complaint packages | Case management | .2 |
| 9/28/2020 | Christopher Grau | Continue to prepare complaint packages | Case management | .4 |
| 9/28/2020 | Christopher Grau | Continue to prepare complaint packages to Mr. Granados, Ms. Ramirez, and L&R General Services, LLC | Case management | .3 |
| 11/3/2020 | Christopher Grau | Calendar date for telephone status conference | Case management | .1 |
| 1/14/2021 | Andrew Balashov | Reviewing quarterly report | Case management | .1 |
| 6/3/2021 | Maria Aguilar | Meet with Mr. Carranza to hand him his settlement check and sign his acknowledgement letter | Case management | .1 |
| 2/7/2021 | Maria Aguilar | Preparing mediation binder | Settlement | 1 |

| 3/19/2021 | Maria Aguilar | Emailed client the draft of Settlement Agreement | Settlement | .1 |
| 1/27/2022 | Sarah Lorber | Downloading time entries for fee petition | Fee Petition | .7 |
| 1/31/2022 | Sarah Lorber | Downloading fee data for fee petition | Fee Petition | .8 |

A few time entries contain both substantive and clerical work. For those entries, it is appropriate to reduce the billed hours by .1. *See Ramirez*, 2021 WL 662185, at *3 (reducing the time billed by .1 hours where a clerical task was "subsumed within a larger billing entry, (e.g., reviewing and editing a motion, and then filing the motion)."). The entries containing mixed work are as follows:

| Date | Timekeeper | Work | Category | Time |
|---|---|---|---|---|
| 9/16/2020 | Andrew Balashov | Finalize and file complaint | Pleadings | .3 |
| 9/16/2020 | Andrew Balashov | Finalize and file complaint | Pleadings | .4 |
| 9/30/2020 | Andrew Balashov | Prepare and file amended complaint | Pleadings | .5 |
| 10/19/2020 | Maria Aguilar | Send opposing counsel settlement demand correspondence; Memorandum to file | Settlement | .2 |
| 10/26/2020 | Andrew Balashov | Finalize and file affidavit of service as to each Defendant | Case management | .3 |
| 11/9/2020 | Jason Mannsman | Finalize Motion for Entry of Default and Service of Motion by Federal Express Standard Overnight | Case management | .4 |
| 11/25/2020 | Suvita Melehy | Review Paperless Order dated November 25, 2020 scheduling telephone conference related to settlement; Calendar hearing date | Case management | .1 |
| 12/7/2020 | Andrew Balashov | Finalize and file second amended complaint | Pleadings | .3 |
| 1/21/2021 | Suvita Melehy | Review letter order of Court dated January 21, 2021 scheduling Rule 16 telephone conference call; Calendar deadline | Case management | .1 |
| 2/9/2021 | Suvita Melehy | Review email correspondence from Derrick Pack, Jr., Judicial Assistant to Magistrate Judge | Case management | .1 |

| | | Simms regarding continued settlement conference on Feb. 19, 2021; Calendar deadline | | |
|---|---|---|---|---|
| 2/11/2021 | Suvita Melehy | Review Paperless Order dated 2/11/2021 granting Motion to Continue Rule 16 telephone conference; Calendar case deadline | Case management | .1 |
| 3/16/2021 | Suvita Melehy | Review Letter order of Court dated March 16, 2021 regarding Rule 16 Telephone Conference; Calendar hearing Date | Case management | .1 |
| 8/6/2021 | Andrew Balashov | Finalize and file motion to seal | Motion for Default | .3 |
| 8/9/2021 | Andrew Balashov | Finale and file the affidavit of Suvita Melehy in support of motion for default | Motion for Default | .2 |
| 2/9/2022 | Andrew Balashov | Prepare and file motion to extend time to file the fee petition | Fee Petition | .5 |

I will strike the above-listed clerical entries and remove .1 hour from each mixed entry. I will also strike .3 from Mr. Balashov's duplicative entries regarding finalizing and filing the complaint on September 16, 2020.

**B.    Reasonable Fees**

The fee applicant must "establish the reasonableness of a requested rate." *Grissom v. The Mills Corp.*, 549 F.3d 313, 321 (4th Cir. 2008) (quoting Plyler v. Evatt, 902 F.2d 273, 277 (4th Cir. 1990)). Courts analyzing the reasonableness of the requested rate look to the "prevailing market rates in the relevant community for the type of work for which [the party] seeks an award." *Ramirez*, 2021 WL 662185, at *4 (quoting *Spell v. McDaniel*, 824 F. 1380, 1402 (4th Cir. 1987)). This analysis encompasses *Johnson* factors two, three, five, and nine: the novelty and difficulty of the questions raised, the skills required to properly perform the legal services rendered, the customary fee for like work, and the experience, reputation and ability of the attorney. *Johnson*,

488 F.2d at 717-19. *See also Jahn v. Tiffin Holdings, Inc.*, No. CV SAG-18-1782, 2020 WL 4436375, at *6 (D. Md. Aug. 3, 2020) (analyzing *Johnson* factors three and five to assess the reasonableness of an hourly rate); *Ramirez*, 2021 WL 662185, at *4 (analyzing *Johnson* factors five and nine to assess the reasonableness of an hourly rate); *Grayson v. Reg. Tapes Unlimited, Inc.*, No. CIV. RWT 11-887, 2013 WL 1953342, at *2 (D. Md. May 9, 2013) (reducing attorneys' hourly rates after assessing the novelty and complexity of the case (*Johnson* factor one)).

Appendix B of the Maryland Local Rules provides guidelines as to the presumptively reasonable billing rate for attorneys of varying experience levels practicing in this court. Loc. R. App. B. (D. Md. 2021). *See also Client Network Servs., Inc.*, 2018 WL 4019767, at *2. For attorneys admitted to the bar for twenty years or more, the guidelines range is $300 to $475 per hour. Loc. R. App. B. For attorneys admitted to the bar for five to eight years, the guidelines range is $165 to $300 per hour, and for attorneys admitted for less than five years, the guidelines range is $150 to $225 per hour. *Id.* The guidelines range for paralegals is $95 to 150 per hour. *Id.* These guidelines are not binding, but a rate is presumed reasonable if it falls within the guidelines range. *Ramirez*, 2021 WL 662185, at *4. In addition to the guidelines, courts may also look to "affidavits of lawyers in the [relevant] legal community attesting to the customary rates charged for [similar matters]." *Client Network Servs., Inc.*, 2018 WL 4019767, at *2 (quoting *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 509-10 (D. Md. 2000)). Enhancements above the guidelines rates "should be applied sparingly and in exceptional cases." *Grayson*, 2013 WL 1953342, at *2 (holding that an enhancement was not warranted because the legal theories in the case were not complex or novel).

Mr. Carranza requests that his attorneys be reimbursed at rates higher than the Appendix B rates. Specifically, Mr. Carranza request a rate of $625 per hour for Omar Vincent Melehy, $575

per hour for Suvita Melehy, $350 per hour for Andrew Balashov and Jason Mannsman, and $180 per hour for the paralegals and paraprofessional staff (Maria Aguilar, Sydney Chapman, Christopher Grau, and Sarah Lorber). Mem. Fees. 21. In support of these enhanced rated, Mr. Carranza points to two recent cases in this Court in which Mr. Melehy, Mrs. Melehy, and Mr. Balashov performed "like work" and the Court awarded attorneys' fees at their normal and customary rates. *Id.* at 15. The first case Mr. Carranza cites is *Quijano, et al. v. Mizpah Building Services, LLC, et al.*, Case No. 19-00038-PJM. In *Quijano*, the Court granted plaintiff's request for attorneys' fees, which included billable hours at varying rates, some of which fell within Appendix B's guidelines range and some of which were above the range. *Quijano, et al.*, no. 19-00038 at ECF Nos. 13, 15. The majority of the hours for each attorney were billed at rates either within or slightly above the guidelines rates. *See* ECF No. 13 at 9 (showing 3.5 of Mrs. Melehy's hours billed at $450 per hour, which falls within the guidelines range of $300 to $475 per hour for an attorney with her level of experience, and .9 of her hours billed at a rate above this range, at $550 per hour). In contrast, here, all the rates Mr. Carranza seeks are above the guidelines range. The second case Mr. Carranza points to is *Boyd, et al. v. SFS Communications, LLC et al.*, Case No. 15-03069-PJM, a class action suit against multiple defendants that lasted seven years. *Boyd* is similarly unhelpful for comparing fee rates as it is not "like work." Mr. Carranza's case was much simpler than *Boyd* – it lasted less than two years and involved just one plaintiff against one active defendant and three defaulted defendants. Thus, neither of these example cases convinces me that enhanced fees are appropriate here.

Mr. Carranza also submitted a declaration by Michal Shinnar, Senior Counsel at Joseph, Greenwald, and Laake, PA in Greenbelt, MD, stating that the rates sought in this case "are at or below prevailing market rates in the locality where this action is pending" for lawyers with similar

skills and experience to the lawyers working on this matter. Shinnar Decl. Ex. D, ECF No. 63-5. This Court has previously found that while counsel's customary rates are a *Johnson* factor in determining a reasonable hourly rate, "customary rates are not dispositive ... and indeed, the Appendix B rates are 'more representative of a broader range of fees charged by practitioners appearing in federal court in Maryland.'" *Carrera v. EMD Sales, Inc.*, No. CV JKB-17-3066, 2021 WL 3856287, at *6 (D. Md. Aug. 27, 2021) (quoting *Kreuze v. VCA Animal Hosps., Inc.*, Civ. No. PJM-17-1169, 2019 WL 2107263, at *4 (D. Md. May 14, 2019)). Moreover, the fact that the Appendix B rates were set eight years ago does not automatically mean they no longer reflect market rates – this Court has continued to apply these rates through 2021. *See, e.g.*, *id.*; *Orellana v. Don Polio of Bethesda, Inc.*, Civ. No. PWG-20-2795, 2021 WL 2187014, at *4 (D. Md. May 28, 2021); *Castro v. Early Learning Language Acads., LLC*, Civ. No. CBD-18-2421, 2021 WL 915106, at *6 (D. Md. Mar. 9, 2021). Thus, Ms. Shinnar's declaration does not persuade me to award enhanced rates.

Mr. and Mrs. Melehy's experience and level of skill, though significant, also does not warrant an enhancement here, because the case did not involve any novel or particularly difficult questions. O. Melehy Decl. Ex. B, ECF No. 63-3; S. Melehy Decl. Ex. C, ECF No. 63-4. Courts have declined to apply a fee enhancement where the case did not involve complex legal issues. *See, e.g.*, *Grayson*, 2013 WL 1953342, at *2 (declining to apply a fee enhancement because "[t]he legal theories underlying the present case are neither novel nor complex, nor is the upper end of the lodestar range too low to attract competent counsel for cases such as these." (internal quotations omitted)); *Carrera*, 2021 WL 3856287, at *6 ("[T]he Court does not believe that the complexity of the questions posed in this case nor the skill required to effectively litigate this case under the second and third *Johnson* factors merit an increase in the hourly rates awarded in a

reasonable attorney's fee."); *Chaten v. Marketsmart LLC*, No. CV PX-19-1165, 2020 WL 4726631, at *6 (D. Md. Aug. 14, 2020) (finding "nothing unique, complex or exceptional about this case that merits an upward adjustment to the Guidelines' hourly rates.").

A quick review of additional *Johnson* factors similarly supports a finding that a fee enhancement is not justified. As to factor four, the opportunity costs in pressing the instant litigation, Mr. Carranza specifically states that his counsel "did not forego taking any cases to work on this" case. Mem. Fees 14. And as to factors eight and ten, the amount in controversy and the results obtained and the undesirability of the case, though the case was perhaps undesirable because it was a contingency case, Mr. Carranza's attorneys were able to secure a relatively quick victory and recover $9,234.00 in damages. *Id.* at 17. Because I find that there is nothing exceptional about this case that warrants a fee enhancement, I will reduce each attorney's and paralegal's rate to a rate within the Appendix B guidelines. Specifically, I will reduce Mr. Melehy's, Mrs. Melehy's, Mr. Balashov's, and Mr. Mannsman's rates to rates at the top of the range corresponding to their years of experience. As to Mr. Grau, Ms. Chapman, and Ms. Lorber, I will reduce their rate to bottom of the relevant range because Mr. Carranza has not explained "why the experience or services rendered by each of [these] paralegals … justif[ies] an hourly rate above the minimum relevant Appendix B rate in these circumstances." *Carrera*, 2021 WL 38526287, at *6. I will similarly reduce Ms. Aguilar's rate to the minimum relevant Appendix B rate even though Mr. Carranza submitted an affidavit from Ms. Aguilar detailing her role in the case. Aguilar Affidavit, Ex. 6, ECF No. 63-8. Ms. Aguilar's skills were essential in translating for Mr. Carranza, but she generally "performed her work in tandem with another professional for whom reimbursement has been sought." *Molina v. KP Stoneymill, Inc.*, No. CV GLS-19-3123, 2021 WL 2805838, at *7 (D. Md. July 6, 2021). The revised hours and rates are as follows:

| Attorney/Staff | Recoverable Hours | Recoverable Rate | Updated Total |
|---|---|---|---|
| Omar Vincent Melehy | 3.4 | $475.00 | $1,615.00 |
| Suvita Melehy | 15.5 | $475.00 | $7,362.50 |
| Andrew Balashov | 31.1 | $300.00 | $9,330.00 |
| Jason Mannsman | 5.1 | $225.00 | $1,147.5 |
| Maria Aguilar | 11.8 | $95.00 | $1,121.00 |
| Christopher Grau | 1.5 | $95.00 | $142.50 |
| Sydney Chapman | .3 | $95.00 | $28.50 |
| Sarah Lorber | .4 | $95.00 | $38.00 |
| **TOTAL:** | **69.1** | | **$20,785.00** |

## II.    Costs

"Costs that may be charged include 'those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services.'" *Trs. of the Nat'l Automatic Sprinkler Indus. Welfare Fund v. Westland Fire Prot., Inc.,* No. DKC 12-1421, 2014 WL 824121, at *3 (D. Md. Feb. 28, 2014) (citing *Spell,* 852 F.2d at 771). "Examples of types of costs that have been charged to losing defendants include necessary travel, depositions and transcripts, computer research, postage, court costs, and photocopying." *Almendarez v. J.T.T. Enterprises Corp.*, No. CIV. JKS 06-68, 2010 WL 3385362, at *7 (D. Md. Aug. 25, 2010). *See* also *Nat'l Elec. Ben. Fund v. AC-DC Elec., Inc.,* No. CIV.A. DKC 11-0893, 2011 WL 6153022, at *4 (D. Md. Dec. 9, 2011) (allowing plaintiff to recover the filing fee and process server fee).

13

Mr. Carranza claims $911.58 in out-of-pocket costs, which includes Westlaw legal research database charges, photocopy expenses, the case filing fee, PACER charges, and postage fees. Mem. Fees 23-25. Record of Out-of-Pocket Expenses, Ex. F, ECF No. 63-7. Because these costs fall within the examples of the types of costs typically allowed, I find that Mr. Carranza is entitled to recover the full $911.58.

## CONCLUSION

For the forgoing reasons, Mr. Carranza's Motion for Attorneys' Fees and Costs is granted in part and denied in part. Judgment will be entered for Mr. Carranza in the amount of $20,785.00 in attorneys' fees and $911.58 in costs, less the attorneys' fees and costs already paid to him by Bainbridge II.

A separate Order follows.


Date:   September 6, 2022                            _____/S/_____
                                                    Paul W. Grimm
                                                    United States District Judge